UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDWARD CRUZ, *et al.*,

                                    Plaintiffs,

                          -v-

UNITED STATES OF AMERICA, *et al.*,

                                    Defendants.

No. 20 Civ. 4470 (RWL)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/2/2020

**PRIVACY ACT ORDER AND PROTECTIVE ORDER**

      Pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, the Court enters this Privacy Act Order and Protective Order, upon the joint request of the parties, for the purposes of facilitating the disclosure of information that otherwise would be prohibited from disclosure under the Privacy Act of 1974, 5 U.S.C. § 552a (the "Privacy Act"), and assuring the confidentiality of information that may be disclosed by the parties or by any non-party agencies, departments, or offices of the United States of America in the course of discovery proceedings (the "United States").  The Court, having found that good cause exists for entry of this Privacy Act Order and Protective Order, HEREBY ORDERS:

      1.      Pursuant to 5 U.S.C. § 552a(b)(11), this Order authorizes the United States to produce information that otherwise would be prohibited from disclosure under the Privacy Act without presenting Privacy Act objections to this Court for a decision regarding disclosure.  To the extent the Privacy Act allows the disclosure of information pursuant to a court order, this Order constitutes such a court order and authorizes the disclosure of that information.  Nothing in this paragraph, however, shall require production of information that is prohibited from disclosure (even with the entry of this Order) by other applicable privileges, statutes, regulations,

or authorities. The terms of this Order shall govern the safeguarding of such information by all individuals referenced herein.

2. As used in this Order, the term "Protected Information" constitutes any and all documents or records, and information contained therein, that contain (a) medical, psychological, or mental health records and other medical information; (b) information of a personal or intimate nature concerning an individual (including without limitation information concerning medical conditions and private family affairs); (c) financial account information and Social Security numbers; (d) dates of birth; (e) sensitive law enforcement information; or (f) information protected from disclosure by the Privacy Act or otherwise required to be kept confidential by law or by court order, provided however that any person or entity has the right to waive confidentiality with respect to information pertaining to him, her, or it to the extent permitted under law.

3. Information that Plaintiffs or the United States wish to designate as Protected Information shall be designated as such by stamping the legend "Subject to Protective Order" on any document or record containing Protected Information prior to the production of such document or record.

4. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to the Court.

5. Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the

request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to the Court.

6.  Except as provided in this Order, all Protected Information produced or exchanged pursuant to this Order shall be used solely for the purposes of this action and for no other purpose whatsoever, and shall not be published to the general public in any form, or otherwise disclosed, disseminated, or transmitted to any person, entity, or organization, except in accordance with the terms of this Order.

7.  Any document or record designated as Protected Information may be disclosed only to the following Qualified Persons:

   i. Any Defendant, attorneys for any Defendant, and any support staff or other employees of the United States or attorneys of record of any Defendant who are assisting in the defense of this action;

   ii. Plaintiffs, attorneys for Plaintiffs, and any support staff or other employees of Plaintiffs' attorneys of record who are assisting in the maintenance of this action;

   iii. Experts or consultants retained for this action by counsel to a party, and any support staff or other employees for such experts or consultants who are assisting in the expert's work for this action;

   iv. Court reporters or stenographers engaged to record deposition testimony, and their employees who are assisting in the preparation of transcripts of such deposition testimony;

   v. Witnesses called to give testimony in this matter, to the extent the witnesses' testimony may relate to documents designated as Protected Information;

   vi. Court employees and Court staff; and

        vii.       Such other persons as hereafter may be authorized by the Court upon motion of any party.

8. A copy of this Order shall be delivered to each Qualified Person to whom a disclosure of Protected Information is made, at or before the time of disclosure, by the party making the disclosure or by its counsel. The provisions of this Order shall be binding upon that person.

9. All Qualified Persons, including the parties and their respective counsel, to whom Protected Information is disclosed, are hereby prohibited from disclosing information designated as Protected Information to any unauthorized person, except as provided in this Order.

10. Any deposition questions intended to elicit testimony regarding Protected Information shall be conducted only in the presence of persons authorized to review the Protected Information. Testimony at any deposition may be designated in good faith by any party as Protected Information by indicating on the record at the deposition that the specified part of the testimony is Protected Information. A party may specifically designate information contained in the transcript as Protected Information, whether or not previously so designated, by notifying all Parties in writing of the specific pages and lines of the transcript that contain such information.

11. The parties will use their best efforts to minimize the need to file documents under seal.

12. Notwithstanding any other provision, the Court's Individual Practices in Civil Cases, and in particular the Court's Rules for Redactions and Filing Under Seal, shall govern the filing of sealed material. Nothing herein is intended to alter or modify the applicability of Rule

5.2, Fed. R. Civ. P., to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

13. Nothing in this Order shall preclude any disclosure of Protected Information to any judge, magistrate judge, or employee of the Court for purposes of this action.

14. Nothing contained in this Order shall be construed to prejudice any party's right to use in open court any Protected Information, provided that reasonable notice of the potential disclosure of the Protected Information shall be given to the producing party so that the producing party may move to seal the document, or otherwise seek to prevent the disclosure or dissemination of the Protected Information, in advance of its use in open court.

15. Any party seeking to maintain the confidentiality of documents or information used at trial shall make a separate application to the presiding trial judge at the time of trial.

16. If counsel for any party is required by law or court order to disclose, disseminate, or transmit Protected Information produced under this Order to any person or entity not identified herein as a Qualified Person, the name of that person or entity and the reason access is required shall be provided to the producing party no less than 14 days prior to disclosure, dissemination, or transmittal so as to provide the producing party sufficient time to object and seek a protective order as necessary.  There shall be no disclosure after an objection has been made until the objection has been resolved unless disclosure, dissemination, or transmission is required sooner by law or court order.  If Protected Information produced under this Order is required by law or court order to be disclosed to a person or entity not identified herein as a Qualified Person, the person or entity receiving the Protected Information shall, before receiving the Protected Information, be provided with a copy of this Order and shall acknowledge their agreement to comply with this Order by signing a copy of the attached acknowledgment form. A

copy of each such acknowledgment form must be provided promptly after its execution to counsel of record for the producing party.

17. Within thirty days after the final disposition of this action, including any and all appeals, all Protected Information and copies thereof in the possession of any Qualified Persons, other than counsel for the parties, shall be returned to the producing parties or destroyed. If the Protected Information is destroyed, the party that has destroyed the Protected Information shall certify in writing to the producing party that the Protected Information in its possession has been destroyed.

18. If a party inadvertently fails to designate material as Protected Information at the time of production, this shall not in itself be deemed a waiver of any claim of confidentiality as to that Protected Information. The producing party may correct its failure to designate an item as Protected Information by taking reasonable steps to notify all receiving persons of its failure, and by promptly supplying all receiving persons with new copies of any documents bearing corrected designations. Within five business days of receiving copies of any documents bearing corrected designations pursuant to this paragraph, the receiving persons shall return or destroy the improperly designated materials, and certify in writing to the producing party that such materials have been returned or destroyed.

19. This Order does not constitute any ruling on the question of whether any particular document or category of information is properly discoverable, and does not constitute any ruling on any potential objection to the discoverability, relevance, or admissibility of any document or information.

20. Nothing in this Order shall be construed as a waiver of any defense, right, objection, or claim by any party, including any objection to the production of documents and any claim of privilege or other protection from disclosure.

21. Nothing in this Order shall affect the right of any party to seek additional protection against the disclosure of any documents or materials, or of the parties to seek additional disclosures.

22. Nothing in this Order shall prevent the disclosure of Protected Information to governmental authorities for purposes of enforcement of criminal laws or in furtherance of civil enforcement or regulatory proceedings.

23. Nothing in this Order shall prevent any disclosure of Protected Information by the party or entity that designated the information as such. Notwithstanding any purported designation by the producing party, (a) information and documents that are in the public domain or obtained by the receiving party other than through discovery in the action and (b) documents or information that are held by a court not to constitute Protected Information, shall not be deemed or considered to be Protected Information.

24. The terms of this Order shall survive the termination of this action for purposes of enforcing this Order.

**SO STIPULATED AND AGREED TO BY:**

Dated: Bronx, New York
      December 2, 2020

      LAW OFFICE OF ELLIOT H. FULD

By: _____
      ELLIOT H. FULD
      Law Office of Elliot H. Fuld
      930 Grand Concourse – Suite 1G
      Bronx, New York 10451
      (718) 410-4111
      ehfuld@fuldlawoffices.com

*Counsel for Plaintiffs*

Dated: New York, New York
      December 2, 2020

      AUDREY STRAUSS
      Acting United States Attorney for the
      Southern District of New York

By: _____
      ILAN STEIN
      Assistant United States Attorney
      86 Chambers Street, 3rd Floor
      New York, New York 10007
      (212) 637-2525
      ilan.stein@usdoj.gov

*Counsel for Defendants*

**SO ORDERED:**

Dated: New York, New York
      December 2, 2020

_____
HON. ROBERT W. LEHRBURGER
United States Magistrate Judge

**EXHIBIT 1**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| EDWARD CRUZ, *et al.*, | |
| Plaintiffs, | |
| -v- | No. 20 Civ. 4470 (RWL) |
| UNITED STATES OF AMERICA *et al.*, | |
| Defendants. | |

**ACKNOWLEDGEMENT**

      I have read and I understand the Privacy Act Order and Protective Order entered by the Court in the case *Edward Cruz et al. v. United States of America et al.*, Case No. 20 Civ. 4470 (RWL), and I agree to be bound by its terms.

Date: _____

Name (printed): _____

Signature: _____