UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EDWARD CRUZ, et al.,

                    Plaintiffs,

        - against -

UNITED STATES OF AMERICA, et al.,

                    Defendants.
------------------------------------------------------------X

20-CV-4470 (RWL)

**ORDER**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

      This order further addresses the issue raised at Dkts. 33-35 concerning Plaintiffs' demand that Defendants produce unredacted versions of certain U.S. Marshals Policy Directives (8.9 regarding searches and 8.11 regarding arrests) and Enforcement Operations SOPs. Defendant has redacted numerous passages of these documents on the basis of law enforcement privilege. Plaintiffs contends that the materials should be produced in unredacted form since they can be protected under the protective order for confidential information entered in this case (Dkt. 32, "Protective Order").

      The Court has reviewed the materials in camera following their submission by Defendants pursuant to the Court's order at Dkt. 36. As an initial matter, the Court agrees with Plaintiffs that by its express terms, the Protective Order extends to more than just Privacy Act information. Indeed, one of the identified examples is "sensitive law enforcement" information (Dkt. ¶ 2 at item e). At the same time, however, the existence of a protective order that restricts access to confidential material and limits use of the material to the case at hand does not justify production of material subject to the law enforcement privilege. *See In re The City of New York*, 607 F.3d 923, 936-37 (2d Cir.

1

2010) (granting mandamus in part because police field reports of undercover operations protected by the law enforcement privilege could not be adequately protected by production on an attorneys' eyes only basis or being filed under seal). That makes sense because privilege protects information from being produced at all, not merely on a limited or protected basis.

The question at hand then is whether the redacted material is protected by the law enforcement privilege.  In *In re City of New York*, the Second Circuit set forth the proper analysis as follows:

> First, the party asserting the law enforcement privilege bears the burden of showing that the privilege indeed applies to the documents at issue.  To show that the privilege applies, the party asserting the privilege must demonstrate that the documents contain information that the law enforcement privilege is intended to protect.  Specifically, the party asserting the privilege must show that the documents in question contain (1) information pertaining to law enforcement techniques and procedures, (2) information that would undermine the confidentiality of sources, (3) information that would endanger witness and law enforcement personnel, (4) information that would undermine the privacy of individuals involved in an investigation, or (5) information that would seriously impair the ability of a law enforcement agency to conduct future investigations.
>
> Once the party asserting the privilege successfully shows that the privilege applies, the district court must balance the public interest in nondisclosure against the need of a particular litigant for access to the privileged information.  There is a strong presumption against lifting the privilege.  To rebut that strong presumption, the party seeking disclosure bears the burden of showing (1) that the suit is non-frivolous and brought in good faith, (2) that the information sought is not available through other discovery or from other sources, and (3) that the party has a compelling need for the privileged information.  If the presumption against disclosure is successfully rebutted (by a showing of, among other things, a compelling need), the district court must then weigh the public interest in nondisclosure against the need of the litigant for access to the privileged information before ultimately deciding whether disclosure is required.
> …

> If the district court determines that the law enforcement privilege does not protect the documents at issue, the documents must be disclosed. In an effort to minimize the effects of disclosure, however, the district court may order that the documents be "revealed only in a specified way." Fed.R.Civ.P. 26(c)(1)(G). Although the court is free to tailor the protective order to the circumstances presented, the court may wish to consider making the documents available only on an "attorneys' eyes only" basis or requiring that the documents – and other submissions that reference them – be filed under seal. As we discuss above, although those procedures are fallible, they are better than nothing.

607 F.3d at 948-49 (internal citations and quotation marks omitted).

Defendants have submitted a declaration from Richard Kelly, the Assistant Director of the Investigative Operations Division of the United States Marshals Service. (Dkt. 34-2.) Mr. Kelly attests, inter alia, that "[t]he redacted portions of the materials at issue contain law enforcement techniques and procedures, disclosure of which could endanger the USMS mission if the information fell into the wrong hands." (*Id.* ¶3.) Based on Mr. Kelly's declaration and the Court's in camera review of the materials at issue, the Court finds that Defendants have met their burden of demonstrating application of the privilege.

With respect to rebutting the "strong presumption" against lifting the privilege, the Court finds that the suit is non-frivolous and brought in good faith. It is premature to determine, however, whether and to what extent the second and third rebuttal elements are present. Further discovery will reveal the extent to which the information sought may be available from other sources and the extent to which Plaintiff has a need for that information. These two elements are inter-related, of course. For instance, Plaintiffs may pose questions at deposition revealing that only a subset of the redacted information is relevant and may receive answers to the narrowed set of questions. Accordingly, the Court does not at this juncture have sufficient information on which to assess whether the presumption of privilege has been rebutted and denies without prejudice to renewal at a

later time Plaintiffs' request to compel production of unredacted versions of the materials at issue.

That said, having done its own research, the Court has found a number of cases in which similar, and possibly some of the same, information has been filed and/or discussed publicly in briefs and decisions and even filed as exhibits. *See, e.g.*, *Greico v. United States*, No. 14-CV-933, 2015 WL 1489356, *3-4 (D. Or. April 1, 2015) (quoting extensively from U.S. Marshals Policy Directive on use of force); *Estate of Salazar v. United States*, No. LA-CV-11-10279, 2014 WL 12588477, *11 (C.D. Cal. May 20, 2014) (discussing and referencing exhibits consisting of U.S. Marshals Policy Directives regarding arrest procedures, use of force and conduct of field investigations); *Harriston v. Mead*, No. 05-CV-2058, 2008 WL 4507608, *6 (Sept. 30, 2008) (quoting from U.S. Marshals Policy Directive 9 regarding treatment of prisoners). There is no indication that the law enforcement privilege was asserted, discussed or became an issue in any of those cases. But that begs the question why not? Perhaps the specific information was different or far narrower than that at issue here; perhaps the publicly filed exhibits were redacted. The Court will not speculate in that regard, but suggests to Defendants that it consider whether its redactions are overbroad and have captured information that cannot fairly be deemed privileged. By doing so and producing at least modified redacted versions, Defendants will have narrowed the dispute should it be renewed in the future.

          SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: December 28, 2020
       New York, New York

Copies transmitted this date to all counsel of record.